Dear Mr. Williams:
This office is in receipt of your opinion request dated April 24, 1996, in which you present the following issues for our review and response.
 (1) May the Mayor of Pleasant Hill, Louisiana, make his own recommendation to the Board of Aldermen in addition to that of the Chief of Police for an officer appointment?
 (2) Who has the authority to schedule ride-a-long and in-service training for the police officers of Pleasant Hill?
 (3) Under what authority may the Mayor acquire and review criminal investigation reports from the police department?
 (4) Who has the authority to sign law enforcement commission cards?
 (5) Does the Mayor have the authority to access a police locker which contains gathered evidence from an investigation?
 (6) Finally, may the Mayor and Board of Aldermen dismiss an officer of the police department without the Police Chief's recommendation? If not, does the Police Chief have the authority to reinstate this officer?
1.
Your first question presents issues relative to the authority of the Mayor of Pleasant Hill to recommend a police officer for hire. As you state, the Village of Pleasant Hill is a Lawrason Act Municipality whose Chief of Police is elected by the registered voters of Pleasant Hill.
We direct you to LSA-R.S. 33:423 which, in pertinent part, provides:
 A. The marshall shall be the chief of police and shall be ex officio a constable. He shall have general responsibility for law enforcement in the municipality, and shall be charged with the enforcement of all ordinances within the municipality and all applicable state laws. He shall perform all other duties required of him by ordinance. In those municipalities governed by the provisions of this Part, R.S. 33:321 et seq., which have a chief of police elected by the qualified voters thereof, he shall make recommendations to the mayor and board of aldermen for appointment of police personnel, for the promotion of officers, to effect disciplinary action, and for dismissal of police personnel. Such nominations or recommendations are to be made regardless of race, color, disability, as defined in R.S. 51:2232(11), or creed.
Pursuant to this authority, the chief of police has the authority to make recommendations to the mayor and board of aldermen for the appointment of police personnel. However, authorization to hire or discharge police personnel is vested in the board of aldermen, not the chief of police. LSA-R.S. 33:362, in pertinent part, provides:
 (3) Subject to law, including R.S. 33:423.2 and 423.3, and applicable civil service rules and regulating, the board of aldermen shall, by ordinance provide policies and procedures regulation the employment of municipal employees including the hiring and firing of such employees.
LSA-R.S. 33:404 sets forth the duties of the mayor as including the following:
 To supervise and direct the administration and operation of all municipal departments, offices, and agencies, other than a police department with an elected chief of police in conformity with ordinances adopted by the board of aldermen and with applicable provision of state law. All administrative staff shall be subordinate to the mayor.
In answer to your first question, the actual appointment power of police personnel is vested in the mayor and board of aldermen. However, this is contingent upon the recommendation made by the chief of police. Consequently, the board of aldermen may not act in this capacity pursuant to the mayor's recommendation that is not consistent with the chief of police's recommendation. The mayor and the board of aldermen may only appoint those individuals formally recommended by the duly elected chief of police. The appointment of a police officer without the recommendation of the elected chief of police is null and void. However, the governing authority may reject the recommendation of the chief of police and, if it does so, the chief cannot hire that individual.
2.
Your second question asks who has authority and control over officer training schedules. Based on applicable statutory law and jurisprudence, this office has stated that the chief of police has the inherent authority to supervise and control his office, office equipment and office personnel. While this authority does not include the authority to hire or fire police personnel, it does include the authority to fix and determine work schedules of police personnel, the control of police property, and the assignment of personnel.
This inherent supervisory authority necessarily includes the scheduling of any ride-a-long or in-service training for officers. Therefore, the individual with the proper authority to schedule such training is the chief of police and not the mayor.
3.
You also ask whether the mayor is authorized to acquire and review criminal investigation reports from the police department. The duties of the mayor generally include the supervision and direction of municipal departments, offices, and agencies. LSA-R.S. 33:404. However, police departments which elected chiefs of police are not subject to this control. LSA-R.S.33:404(A)(1).
Additionally, LSA-R.S. 44:3 exempts investigative and law enforcement records of police departments from the required disclosure under the Public Records Act. Therefore, it is the opinion of this office that the chief of police's general supervisory authority controls whether or not access to investigative records is to be granted.
4.
Your fourth question asks who has the authority to sign law enforcement commission cards. This office has previously stated that, as chief executive officer, the mayor of a Lawrason Act Municipality issues commission cards to police officers. Opinions 93-446, 93-49, 90-316. Therefore, the mayor is within his authority to sign commission cards. These cards must be recognized as valid if they conform with all other requirements and/or regulations.
5.
Your fifth question presents issues similar to that presented in Question #3, above. Specifically, you ask whether the mayor has authorized access under the law to a storage locker containing evidence involved in an on-going investigation. In conformity with the rationale and legal basis presented in Question #3, we conclude that the chief of police's supervisory authority over investigative matters controls. Therefore, should he deem so, he may deny the mayor access to the investigative evidence at issue.
6.
Finally, you state that the Mayor and Board of Aldermen of Pleasant Hill voted to dismiss a particular police officer. You ask whether they have the authority to do so without your recommendation.
As we stated in response to Question #1, above, the appointment of a police officer must have the recommendation of the chief of police. This recommendation requirement extends to a dismissal action. Again, quoting LSA-R.S. 33:423(A), the chief of police "shall make recommendations to the mayor and board of aldermen for appointment of police personnel, for promotion of officers,to effect disciplinary action, and for dismissalof police personnel. (Emphasis added.)
The same analysis given to hiring a police officer pursuant to a recommendation applies to the firing of an officer. Opinion 93-405. Earlier opinions from our office and jurisprudence concluded that the mayor and board of aldermen are vested with absolute authority to remove all municipal employees. However, we must point out that these determinations were based on former LSA-R.S. 33:401(A)(31) which was repealed by Act 890 (1985). While LSA-R.S. 33:362 was enacted by the same Act 890 (1985), generally granting the mayor control of hiring and firing of municipal employees, LSA-R.S. 33:423 was more recently enacted by Act 568 (1990) to specify the dismissal process relative to municipal police officers, as quoted above.
Therefore, it is the opinion of this office that the action taken by the mayor and board of aldermen relative to the police officer at issue without the recommendation of the chief of police is null and void. As such, the officer was never officially terminated and still retains his position.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI/CMF:tfd
Date Received:
Date Released:
CARLOS M. FINALET, III, ASSISTANT ATTORNEY GENERAL